IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CARNELL CORNELIUS ROLLINS, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 3:05-CV-1207-D |
| § | |
| MICHAEL HALEY, Parole Officer, § | |
| § | |
| Defendant. § | |

## CONCLUSIONS AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pursuant to the District Court's Order of Reference, entered June 15, 2006, Defendant Michael Haley's ("Haley") Motion to Dismiss, filed June 14, 2006, has been referred to the United States Magistrate Judge for hearing, if necessary, and recommendation. Plaintiff Carnell Cornelius Rollins ("Plaintiff") filed a response on June 19, 2006, and a memorandum in support of his response on June 28, 2006. The Court previously issued its Conclusions and Recommendation recommending that the District Court dismiss previous Defendant Bryan Collier, which the District Court adopted on December 5, 2005. Plaintiff filed an amended complaint against Haley on January 4, 2006.

### BACKGROUND

The following background is taken from the Court's previous Conclusions and Recommendation, entered on October 18, 2005.

In 1968, Plaintiff was arrested and charged with the felony of Fondling the Sexual Parts of a Female Child with lascivious intent.[1] Pursuant to a plea agreement, the court reduced the charge

---

[1] In *Rollins v. Lewis*, 2002 WL 318332 (N.D. Tex, Feb. 26, 2002) (unpublished opinion), the Court previously considered the same facts currently before the Court. The Court takes judicial

to the misdemeanor of aggravated assault, to which Plaintiff plead guilty. The Criminal District Court No. 4 of Dallas County, Texas convicted Plaintiff and sentenced him to six months in Dallas County Jail.

In 1964, Plaintiff was convicted of burglary and served two years on probation. In 1970, Plaintiff was convicted of possession of a forged instrument and served two years in the Correctional Institutions Division of the Texas Department of Criminal Justice ("TDCJ-CID"). In 1981, Plaintiff was charged with the second-degree felony of Attempted Aggravated Rape, and the Judicial District Court of Dallas County, Texas convicted Plaintiff of the lesser included offense of misdemeanor assault. In 1986, he was convicted of attempted murder and sentenced to eighteen years. He was released on parole in 1989, but Plaintiff's parole was revoked in 1991. His parole was revoked because he possessed a firearm, and he was sentenced to ten years for being a felon in possession.

Plaintiff was eligible for mandatory supervised release on August 11, 1995. The Board of Pardons and Paroles ("the Board") issued a Certificate of Mandatory Supervision, which outlined the conditions of his parole. At that time, sex offender conditions were not placed upon his parole, but in the middle of September of 1995, he was transferred to a sex offender caseload.[2]

Plaintiff's parole was revoked in January of 1996, at which time the Board transferred Plaintiff to an Intermediate Sanction Facility. Plaintiff was again released on parole on May 22, 1996. On August 5, 1996, the Board imposed three special conditions on Plaintiff's parole. The

---

notice of the facts established in that case and, unless otherwise indicated, relies upon those facts in setting forth the background information for this case.

[2]The basis for the imposition of sex offender conditions upon Plaintiff's parole was the 1968 charge of Fondling the Sexual Parts of a Female Child with lascivious intent and the 1981 charge of Attempted Aggravated Rape.

2

three special conditions required Plaintiff to participate in a sex offender program, undergo psychological counseling, and refrain from having contact with the victim of the 1968 aggravated assault. In February of 1997, in violation of his parole conditions, Plaintiff contacted the victim of his misdemeanor assault conviction, which resulted in Plaintiff's arrest. The Board, however, did not revoke his parole. In January of 1998, Plaintiff's parole was revoked, and he returned to the TDCJ-CID.

Although Plaintiff's previous lawsuits seem to indicate that he was on a sex offender caseload, in his most-recent amended complaint against Haley, Plaintiff states that Haley "told Gracie Rollins that [P]laintiff was being released to her house as [a] sex offender and would have to register as [a] sex offender. However, the Board did not add sex offenders condition[s]." (*Pl.'s Am. Compl.* at 4.)

Plaintiff alleges two claims against Haley. First, Plaintiff claims that the imposition of electronic monitoring upon Plaintiff violates the ex post facto clause of the United States Constitution, U.S. CONST. art. I § 10 cl. 1.[3] (*Pl.'s Resp.* at 6-8.) Second, Plaintiff claims that Haley was supervising Plaintiff on a sex offender caseload in the absence of the Board formally classifying Plaintiff as a sex offender, which Plaintiff claims violates his procedural due process rights. (*Id.* at 2-5.)

## STANDARD OF REVIEW

---

[3]In Haley's Motion to Dismiss, in addition to addressing why the imposition of electronic monitoring does not violate the ex post facto clause, he also addresses why the imposition of sex offender conditions does not violate the ex post facto clause. (*Def.'s Mot.* at 3.) The Court does not address whether the imposition of sex offender conditions violates the ex post facto clause because Plaintiff specifically states that he is not alleging an ex post facto violation in connection with the imposition of sex offender conditions. (*See Pl.'s Resp.* at 8 (stating that "Plaintiff does not claim that sex offender conditions is *sic* ex post facto").)

When considering a motion to dismiss, the Court accepts as true the factual allegations plead by the non-moving party and any reasonable inferences that the Court can draw from the factual allegations. *Sw. Airlines Co. v. Farechase, Inc.*, 318 F. Supp. 2d 435, 437 (N.D. Tex. 2004) (citing *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994)).  The non-moving party "must plead specific facts, not mere conclusory allegations" to survive a motion to dismiss.  *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).  The movant cannot easily prevail because the law does not favor motions to dismiss.  *Mahone v. Addicks Util. Dist.*, 836 F.2d 921, 926 (5th Cir. 1988).  Courts should not grant a motion to dismiss unless "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

Since Plaintiff in this case is proceeding *pro se*, the Court must construe the allegations in the complaint liberally.  *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam); *Sec. & Exch. Comm'n v. AMX, Int'l, Inc.*, 7 F.3d 71, 75 (5th Cir. 1993) (per curiam).  The Court has an obligation to construe *pro se* plaintiffs' briefs more permissively and to make more allowances.  *AMX, Int'l, Inc.*, 7 F.3d at 75.  "[P]*ro se* litigant[s] [are] subject to less stringent standards than [those] represented by counsel."  *Id.* (citing *Hughes v. Rowe*, 449 U.S. at 9).

## DISCUSSION

### I. Did the Imposition of Electronic Monitoring Violate the Ex Post Facto Clause?

Plaintiff first argues that the imposition of electronic monitoring upon his parole violates the ex post facto clause.  (*Pl.'s Resp.* at 2-5.)  Plaintiff asserts that he was entitled to mandatory release from prison and that electronic monitoring, which is house arrest, violates his right to release.  (*Id.* at 2.)  The statute that authorizes electronic monitoring is Section 508.317 ("§ 505.317") of the

4

Texas Government Code, which is entitled "Intensive Supervision Program; Super-Intensive Supervision Program." TEX. GOV'T CODE ANN. § 508.317 (Vernon 1997). Section 508.317 authorizes the development of a program of intensive parole supervision for those inmates that a parole panel or the department determines need intensive supervision. *Id.*

The ex post facto clause prevents the "government from enacting statutes with 'manifestly unjust and oppressive' retroactive effects." *Stogner v. California*, 539 U.S. 607, 611 (2003) (quoting *Calder v. Bull*, 3 U.S. 386, 391 (1798)). The Court must examine two elements to determine if the law at issue violates the ex post facto clause: (1) whether the statute at issue was retroactively applied to Plaintiff and (2) whether the statute increases Plaintiff's punishment. *Cal. Dep't of Corr. v. Morales*, 514 U.S. 499, 504-05 (1995). Because Haley concedes that § 508.317 was retroactively applied to Plaintiff, the Court proceeds directly to the determination of whether this statute is punitive. (*See Def.'s Mot.* at 3.)

Whether a statute is punitive involves two issues. The first issue is whether the legislature intended the statute to be punitive. *Smith v. Doe*, 538 U.S. 84, 92 (2003). If the Court finds that the statute was non-punitive and thus civil and regulatory, the Court must secondly examine whether the punitive effects of the statute override its civil purpose. *United States v. Ursery*, 518 U.S. 267, 288 (1996).

The Court concludes that § 508.317 does not violate the ex post facto clause. When considering previous Defendant Bryan Colllier's motion to dismiss, the Court examined this identical issue and determined that § 508.317 does not violate the ex post facto clause, and the naming of Haley as Defendant does not change the Court's determination.

The Court previously examined the legislative intent of § 508.317 and concluded that the

statute is civil and regulatory in nature. The Court based this decision on the fact that § 508.317 is not located in the Code of Criminal Procedure and the statute has a neutral labeling that does not support a finding that § 508.317 is either regulatory or punitive. The Court also examined the legislative history of § 508.317, which indicates that the statute's purpose is to protect public safety. *See* Tex. H.B. 2918, 75th Leg., R.S. (1997).

The Court then concluded that the punitive effects of § 508.317 do not override its civil purpose. The Court stated that the Board has discretion to monitor Plaintiff while he is on parole and that electronic monitoring does not extend Plaintiff's sentence because he is still serving his sentence under the Board's supervision. The Court again concludes that Plaintiff has not plead sufficient facts to overcome the civil and regulatory purpose of § 508.317.

Based on the Court's previous examination of this identical issue in this case, the Court again concludes that Plaintiff has not stated a claim that § 508.317 violates the ex post facto clause. The Court, therefore, recommends that the District Court dismiss Plaintiff's ex post facto claim with prejudice.

**II.  Has Haley Violated Plaintiff's Procedural Due Process Rights?**

The exact factual predicate of Plaintiff's due process claim is unclear. Plaintiff first alleges that Haley was supervising his parole as if he was on a sex offender caseload and that the Board never placed him on such a caseload. (*See Pl.'s Resp.* at 1, 2, 3, 4.) The bases of his claim that Haley unilaterally imposed sex offender conditions upon him are the following allegations: (1) a police officer (Officer Monzell) told Plaintiff that even though he "did not have sex offender conditions, a background check says that you are [a sex offender], so you need to have Mr. Haley get it corrected"; (2) Haley told Plaintiff's wife that he would have to register as a sex offender; (3)

Haley altered Plaintiff's criminal history to indicate that Plaintiff plead guilty to fondling the sexual parts of a female child with lascivious intent, but Plaintiff did not plead guilty to this offense; (4) Haley did not show Plaintiff any documentation that the Board had imposed sex offender conditions upon him; and (5) when asked by a hearing officer on February 3, 2005, if Plaintiff was a sex offender, Haley first answered "yes" and then changed his answer to "no," which Plaintiff interpreted to mean that the Board had not imposed sex offender conditions. (*Id.* at 2, 3, 4-5.) Plaintiff also, however, accuses the Board of imposing sex offender conditions without giving him a formal hearing. (*Id.* at 2.) But, Plaintiff subsequently states that he does not believe the Board imposed sex offender conditions upon him. (*Id.* at 3.)

Haley argues that Plaintiff cannot state a due process claim against him because he had no personal involvement in imposing sex offender conditions upon Plaintiff. (*Def.'s Mot.* at 4.) To state a claim under § 1983, Plaintiff must assert that a causal link exists between conduct by Haley and Plaintiff's alleged injury. *See Rizzo v. Goode*, 423 U.S. 362, 371 (1976) (requiring an "affirmative link" between the defendant's alleged misconduct and the plaintiff's injury); *Thompson v. Steele*, 709 F.2d 381, 381 (5th Cir. 1983) (stating that "[p]ersonal involvement is an essential element of a civil rights cause of action").

The Court concludes that Plaintiff's factual allegations do not demonstrate that Haley had any personal involvement in the imposition of sex offender conditions upon Plaintiff's parole. First, Plaintiff's assertion that Officer Monzell told Plaintiff to have Haley change Plaintiff's classification to indicate that Plaintiff is not a sex offender does not demonstrate that Haley classified him as a sex offender initially. (*See Pl.'s Resp.* at 2.) Nor does Plaintiff explain who Officer Monzell is or why he believed that Haley had the authority to change Plaintiff's classification. Second, Plaintiff's

7

allegation that Haley told his wife that Plaintiff would have to register as a sex offender does not illustrate Haley's personal involvement in Plaintiff's classification. (*See id.* at 3.) Plaintiff does not allege that Haley actually required Plaintiff to register as a sex offender.

Third, Plaintiff pleads no facts, other than mere conclusory allegations, exhibiting that Haley altered Plaintiff's criminal records to reflect that Plaintiff plead guilty to a sex offense. (*See id.* at 4-5.) Plaintiff states that he discovered a mistake in his criminal records during his participation in a "Psychosexual Evaluation" on October 31, 2005, conducted by Bill Bruner. (*Id.* at 4.) When Plaintiff asked Mr. Bruner about the mistake in his criminal history, Mr. Bruner said that this was the information Plaintiff's "referral information" contained. (*Id.*) Plaintiff states that Haley referred him to the counseling, but Plaintiff does not state that Haley personally completed his criminal history or that his permanent criminal history had been altered. (*Id.*) Nor does Plaintiff state that the alleged alteration caused Plaintiff to be labeled as a sex offender.

Fourth, Haley's failure to show Plaintiff any documentation that the Board had classified Plaintiff as a sex offender does not establish that Haley himself classified Plaintiff as a sex offender. (*See id.* at 5.) Fifth, by Haley first responding "yes" and then responding "no," when asked if Plaintiff was a sex offender, Haley in no way stated that he personally had classified Plaintiff as a sex offender and that the Board had not. (*See id.*)

Plaintiff does not plead facts from which the Court can conclude that Haley had any personal involvement in classifying or supervising Plaintiff as a sex offender. Plaintiff does not state how Haley classified him as a sex offender, that Haley had the authority to classify Plaintiff as a sex offender, that Haley had even told Plaintiff that Haley had classified Plaintiff as a sex offender, or that Haley had told Plaintiff that the Board had not classified Plaintiff as a sex offender. Plaintiff

8

appears to unilaterally come to the conclusion that the Board did not classify Plaintiff as a sex offender. By statute, Haley lacks the authority to place any conditions upon Plaintiff's parole. *See* TEX. GOV'T CODE ANN. § 508.0441(a)(2) (stating that "Board members and parole commissioners shall determine . . . conditions of parole or mandatory supervision, including special conditions"). Accordingly, the Court concludes that the District Court should dismiss Plaintiff's due process claim against Haley with prejudice.

## CONCLUSIONS

The Court concludes that Plaintiff has not stated a claim that § 508.317 violates the ex post facto clause. The Court also concludes that Plaintiff has not stated a due process claim against Haley.

## RECOMMENDATION

The Court recommends that the District Court dismiss Plaintiff's claims against Haley with prejudice.

Signed this 1st day of August, 2006.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these conclusions and recommendation on the parties.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these conclusions and recommendation must serve and file written objections within ten days after being served with a copy.  A party filing objections must specifically identify those conclusions or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  A party's failure to file such written objections to these proposed conclusions and recommendation shall bar that party from a *de novo* determination by the District Court.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Additionally, any failure to file written objections to the proposed conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).